IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CURTIS FOX, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) |
| VIRTUOSO SOURCING GROUP, LLC | ) ) |
| Defendant. | ) ) |

## COMPLAINT

### INTRODUCTION

1. Plaintiff Curtis Fox brings this action to secure redress from unlawful credit and collection practices engaged in by defendant Virtuoso Sourcing Group, LLC. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA").

2. The FDCPA broadly prohibits unfair or unconscionable collection methods; conduct which harasses, oppresses or abuses any debtor; and any false, deceptive or misleading statements, in connection with the collection of a debt; it also requires debt collectors to give debtors certain information. 15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

### VENUE AND JURISDICTION

3. This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA) and 28 U.S.C. §§1331, 1337 and 1367.

4. Venue and personal jurisdiction in this District are proper because the collection activity at issue concerns a debt allegedly incurred in this District with a major Illinois utility, whose debts defendant has contracted to collect.

### PARTIES

5. Plaintiff Curtis Fox is an individual who formerly resided in the Northern District of Illinois.

6. Defendant Virtuoso Sourcing Group, LLC is a limited liability company

1

located at 3033 S. Parker Road, Suite 1000, Aurora, Colorado 80014. It does business in Illinois. Its registered agent and office is Illinois Corporation Service 801 Adlai Stevenson Drive, Springfield, Illinois 62703.

7. Virtuoso Sourcing Group, LLC is engaged in the business of a collection agency, using mailings and telephone calls to collect consumer debts originally owed to others.

8. Virtuoso Sourcing Group, LLC is a debt collector under the FDCPA.

## FACTS

9. Defendant has been attempting to collect from plaintiff an alleged debt incurred for personal, family or household purposes and not for business purposes, consisting of bills for gas supplied to plaintiff's former residence in Illinois by Nicor.

10. On three occasions within the last month, plaintiff received the following telephone message on the voicemail associated with his cell phone:

> **Hello, this is an important call from Virtuoso Sourcing. Please ask Curtis Fox to call us at 877-451-8503 and reference account numbers [xxxx]. Thank you. Goodbye.**

11. The number 877-451-8503 is issued to defendant.

12. The calls did not state that the calls were for debt collection purposes.

13. On information and belief, defendant has a standard policy and practice of leaving telephone messages that do not state that the call is for collection purposes.

## COUNT I – FDCPA

14. Plaintiff incorporates paragraphs 1-14.

15. Defendant's telephone messages violated 15 U.S.C. §§1692e and 1692e(11).

16. Each telephone message was a "communication" within the meaning of 15 U.S.C. §§1692d(6) and 1692e. *Ramirez v. Apex Financial Mgmt., LLC,* 567 F.Supp.2d 1035

(N.D.Ill. 2008); *Foti v. NCO Financial Systems*, 424 F.Supp.2d 643, 669 (S.D.N.Y. 2006); *Hosseinzadeh v. M.R.S. Associates, Inc.*, 387 F.Supp.2d 1104, 1112, 1118 (C.D.Cal. 2005); *Joseph v. J. J. MacIntyre Cos.,* 281 F.Supp.2d 1156 (N.D.Cal. 2003); *Stinson v. Asset Acceptance, LLC,* 1:05cv1026, 2006 WL 1647134, 2006 U.S. Dist. LEXIS 42266 (E.D. Va., June 12, 2006); *Belin v. Litton Loan Servicing, LP,* 8:06-cv-760-T-24 EAJ, 2006 U.S. Dist. LEXIS 47953 (M.D.Fla., July 14, 2006); *Leyse v. Corporation Collection Servs.*, 03 Civ. 8491, 2006 U.S.Dist. LEXIS 67719 (S.D.N.Y. Sept. 18, 2006).

17. The telephone messages violate §§1692e and 1692e(11) because they omitted the warning required by §1692e(11).

18. Section 1692e provides:

**§ 1692e. False or misleading representations [Section 807 of P.L.]**

**A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .**

**(11) The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action. . . .**

WHEREFORE, the Court should enter judgment in favor of plaintiff and against defendant for:

    (1) Statutory damages;

    (2) Attorney's fees, litigation expenses and costs of suit;

    (3) Such other and further relief as the Court deems proper.

/s/ Daniel A. Edelman
Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Zachary A. Jacobs
EDELMAN, COMBS, LATTURNER
& GOODWIN, L.L.C.
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

## NOTICE OF LIEN AND ASSIGNMENT

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

/s/ Daniel A.Edelman
Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Zachary A. Jacobs
EDELMAN, COMBS, LATTURNER
& GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)